[Criminal No. 432.   Filed May 8, 1918.]

[172 Pac. 662.]

## FAY SHEEK, Appellant, v. STATE, Respondent.

1. WITNESSES—COMPETENCY OF CHILD—DISCRETION.—Admission of the testimony of an Indian boy of 13, objected to because of witness' youth and inability to understand the obligation of an oath, was discretionary.

2. CRIMINAL LAW—COMMENT ON TESTIMONY.—That the trial court, in passing upon the competency of a state's witness, a 13 year old Navajo boy, remarked: "The court has had considerable experience with Indians, and, while Navajo children do not understand what an oath is as well as the white children, yet, when you explain to them what it is, and tell them they must tell the truth, that they generally do so; and, furthermore, the weight of the testimony is for the jury, so that the objection is overruled"—was not objectionable as com ment upon testimony; the court having charged, when the case was submitted, that the credibility of witnesses and the weight to be given their testimony was exclusively for the jury.

3. HOMICIDE—EVIDENCE—PREVIOUS CONTROVERSY.—In murder trial, defense being controversy with deceased necessitating killing in self-defense, evidence by the state as to what accused did when his cattle were driven from deceased's field, which accused claimed was the cause of deceased's rage toward him, was relevant as tending to establish the relations between the parties and the state of their minds toward each other at the time of the killing.

4. WITNESSES—WITNESSES AS TO TRUTH AND VERACITY.—Where witness, called by accused to testify as to the general reputation of a state's witness for truth and veracity, not understanding what general reputation means, persisted in stating his own opinion of the state witness' truth and veracity, disclosing personal enmity toward him, his testimony was properly excluded.

[As to weight of evidence of good character of defendant in criminal case, see note in Ann. Cas. 1913E, 16.]

APPEAL from a judgment of the Superior Court of the county of Apache.   George H. Crosby, Jr., Judge.   Affirmed.

Mr. A. S. Gibbons and Messrs. Jones & Jones, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. W. P. Geary, Mr. Geo. W. Harben and Mr. Louis B. Whitney, Assistant

Attorneys General, and Mr. Gilbert E. Greer, County Attorney for Apache County, and Mr. C. B. Wilson, County Attorney for Coconino County, for the State.

FRANKLIN, C. J.—This appellant was informed against for the crime of murder; the result of his trial being a conviction of manslaughter. The appellant was a cowboy and, in the course of his employment, was herding some cattle at the ranch of Leonard Olsen, the victim of the homicide. These cattle got into a field of oats belonging to Olsen, and an Indian boy employed by Olsen set a dog upon the cattle to drive them out. In his testimony, the appellant gave the particulars of this incident in connection with and leading up to the act of killing. It appears from appellant's testimony that on this occasion he went into Olsen's house for the purpose of finding him, but Olsen was absent therefrom. According to his testimony, appellant's conduct in going into the house angered Olsen very much, the latter accusing appellant falsely of breaking open one of his trunks while in the house; that Olsen became very hostile toward appellant on account of this and such hostile conduct on the part of Olsen was the cause of the homicide, the act being committed in self-defense. In rebuttal of this testimony as to the incident arising because of the cattle getting into Olsen's oat field, the prosecution put on the stand the Indian boy who set the dog after the cattle. This lad was a little Navajo Indian about 13 years of age and called by name Hostien Soo. The defense objected to the testimony of this lad being received because of his youth and his inability to understand the obligation of an oath. Before admitting his testimony, the court examined him quite carefully as to such matters. After the examination, and in overruling the objection to the competency of the witness, the court made these observations:

"The court has had considerable experience with Indians, and, while Navajo children do not understand what an oath is as well as the white children, yet when you explain to them what it is, and tell them they must tell the truth, that they generally do so; and, furthermore, the weight of the testimony is for the jury, so that the objection is overruled."

In the course of his testimony, Hostien Soo stated that at the time the cattle got into the oat field he was afraid to drive them out and set the dog on them; that appellant saw

the dog go after the cattle and "he looked like he was mad"; that appellant then shook a rope at Hostien and pointed a pistol at him in a threatening manner. Appellant then went into Olsen's house, and, after looking around the house, came out in an angry mood, got on his horse, and rode away. We do not see any abuse of discretion on the part of the trial judge in admitting the testimony of Hostien Soo. Both on direct and cross-examination, his testimony is clear and satisfactory, and impresses one that he is quite an intelligent boy. It was a question for the trial court. *Fernandez* v. *State*, 16 Ariz. 269, 144 Pac. 640. Nor is the objection good that the court, in passing upon his competency to be a witness, commented upon the testimony of Hostien Soo. It was a mere general observation of the trial judge's experience with Navajo children, and, in addition to what developed on the court's examination of the witness, was another element in his opinion justifying the admission of his testimony. The court was careful to tell the jury in the same breath that the weight to be given to this lad's testimony was a matter entirely for them to determine. Again, when the case was submitted to the jury, the court charged that the credibility of the witnesses and the weight to be given their testimony was a matter exclusively for the jury. Under these circum stances, it cannot be said that the remark of the court was objectionable as a comment upon the testimony, nor do we think that the jury could so have construed it. Nor is there any foundation for the asserted error of the trial court in permitting Hostien Soo to tell what the appellant did at the time the cattle were driven from Olsen's field of oats. It was the hypothesis of appellant that what occurred at that time was the cause of Olsen's rage toward him, which necessitated the killing of Olsen in appellant's self-defense. This occurrence was brought out by appellant as a part of his case. It was material and relevant, as tending to establish the relations between the parties and the state of their minds toward each other at the time of the killing. *Hurley* v. *Territory*, 13 Ariz. 2, 108 Pac. 222. The logical connection between what occurred at the Olsen house, including the assault upon the Indian lad, and what occurred at the scene of the homicide, is thus quite apparent.

One of the witnesses for the state was a Navajo Indian by the name of Joe Parker. The defense called another Navajo

Indian, named Silver Smith, to testify to the general reputation of Parker for truth and veracity. This witness, Smith, could not be got to understand what the general reputation of a person means. In answer to questions, Smith persisted in stating his own opinion of Parker's truth and veracity, and in this disclosed a personal enmity toward Parker. There was no error in excluding such testimony.

We have given careful consideration to the record. It is convincing that the conviction of appellant is justified under the law and the facts. There is no reversible error.

Judgment affirmed.

CUNNINGHAM and ROSS, JJ., concur.

The question of admissibility of declarations of infant too young to be sworn as a witness at the trial is discussed in notes in 65 L. R. A. 316; L. R. A. 1915E, 203.