Argued at Pendleton May 3, affirmed July 12, 1927.

## STATE *v.* JOHN WISDOM.

(257 Pac. 826.)

**Criminal Law—Supreme Court Does not Weigh Testimony, but Determines Whether There was Any Substantial Evidence on Facts Necessary to Constitute Crime.**

1. Supreme Court is not authorized to inquire into comparative weight of evidence for or against defendant, but merely to pass on question whether there was any competent and substantial evidence on every fact necessary to constitute crime.

**Criminal Law—Prosecutrix's Certificate of Birth Held not Legally Required in Statutory Rape Prosecution, in View of Other Evidence Showing She was Under 16 Years.**

2. In prosecution for statutory rape, certificate of birth of prosecutrix to show she was under 16 years of age, though ad-

1. See 2 R. C. L. 194, 197.

missible, was not legally required, in view of other evidence showing age.

**Rape—Testimony of Prosecutrix's Mother That Prosecutrix was not Married to Anyone, Together With Circumstantial Evidence, Sufficiently Proved She was not the Wife of Defendant Charged With Statutory Rape.**

3. In prosecution for rape, testimony of prosecutrix's mother that prosecutrix had never been married to anyone, together with circumstantial evidence to same effect, *held* sufficient to prove that she was not wife of defendant.

**Rape—Conviction for Statutory Rape cannot be Objected to for Want of Proof of Penetration, Where Prosecutrix Positively Testified Defendant had Sexual Intercourse With Her and Inserted His Sexual Organ into Her.**

4. In prosecution for statutory rape objection to conviction that there was no proof of penetration of body of prosecutrix by defendant was not tenable under positive evidence by prosecutrix that defendant had sexual intercourse with her and that defendant inserted his sexual organ into her.

**Rape—Prosecutrix's Testimony Held Sufficient to Take Case to Jury in Prosecution for Statutory Rape.**

5. In prosecution for statutory rape, testimony of prosecutrix, which jury had right to believe, *held* sufficient to take case to jury and convince them that sexual act had been completed so far as law requires to constitute crime.

**Rape—Instruction Stating Female Child is Deemed Incapable of Consenting to Sexual Act Held not Objectionable, Where Further Defining Female Child as One Under 16, not Wife of Defendant Charged With Statutory Rape.**

6. In prosecution for statutory rape, instruction defining meaning of female child as under 16, not wife of defendant, and requiring defendant to be over 18 before conviction could be had, *held* not objectionable as further stating, "A female child is deemed incapable of giving consent to sexual act."

**Rape—Slightest Penetration into Labia of "Pudendum" is Sufficient for Statutory Rape.**

7. Slightest penetration within labia of the "pudendum," which is the external female sexual organ, is sufficient to constitute statutory rape, without regard to extent of penetration, if other elements of crime are present.

**Criminal Law—Testimony of Particular Witnesses Need not be Singled Out and Weight to be Given It Suggested to Jury.**

8. Trial court is not required to single out testimony of particular witnesses in case and thereby suggest to jury weight that should be given to it.

---

7. See 22 R. C. L. 1177.

**Criminal Law—Requested Instruction in Prosecution for Statutory Rape Singling Out Doctor's Testimony on Question of Penetration Held Properly Refused.**

9.   In prosecution for statutory rape, requested instruction on question of penetration, referring to testimony of doctor that hymen of female organ of prosecutrix was intact and normal after alleged act, *held* properly refused as singling out testimony and suggesting to jury weight to be given it.

**Criminal Law—Requested Instruction Need not be Given Where Sufficiently Covered by General Instructions Given.**

10.   Requested instruction, sufficiently covered by general instructions given by court, need not be given.

**Criminal Law—Instruction in Language Requested Need not be Given, if Substance is Given.**

11.   Trial court is not bound to give instruction in language requested, if substance of it is given.

**Criminal Law—Requested Instruction in Statutory Rape Case Singling Out Testimony and Requiring Proof of Penetration Beyond Reasonable Doubt, Which had Already Been Instructed, Held Properly Refused.**

12.   In prosecution for statutory rape, requested instruction calling jury's attention to circumstances under which alleged act was committed, which would not alone be sufficient to convict, but that fact of penetration must be found beyond reasonable doubt *held* properly refused as singling out certain testimony, since court had already instructed that penetration must be shown.

**Rape—Requested Instruction Defining Extent of Penetration for Statutory Rape as "into Labia of Female Organ Having Mucous Membrane" Held Properly Refused as Erroneous.**

13.   In prosecution for statutory rape, requested instruction attempting to define extent of penetration necessary by words "into labia of female organ having mucous membrane," *held* properly refused as erroneous.

**Rape—Extent of Penetration in Statutory Rape is Immaterial.**

14.   In prosecution for statutory rape, extent of penetration is immaterial since injury is to morals and reputation of child, which is as great where there is very slight penetration not passing beyond the labia majora as it would be where penetration extended to labia minora and against hymen.

---

10.   See 14 R. C. L. 751.

Criminal Law, 16 C. J., p. 943, n. 86, p. 1035, n. 54, 57, p. 1063, n. 85, p. 1068, n. 3; 17 C. J., p. 255, n. 52.
Rape, 33 Cyc., p. 1422, n. 44, 45, p. 1486, n. 12, 16, p. 1501, n. 11, 12, p. 1505, n. 24, p. 1509, n. 44, p. 1510, n. 45.

is not required to resist the performance of the sexual act with her. Therefore, if you find from the evidence in this case beyond a reasonable doubt, that the defendant in this county and state at the time named in the indictment had sexual intercourse with Vivian Dodson, and that the said Vivian Dodson was then under the age of sixteen years, and not the wife of the defendant, and that the defendant was a male person, over the age of eighteen years, you should find the defendant guilty as charged, whether you find that the defendant used force or not, and whether you find that Vivian Dodson consented or not, as those elements are not included in the charge as laid in this indictment.''

''I instruct you, gentlemen of the jury, that to constitute the crime of rape, as charged in this indictment, the state must show some penetration of the male organ within the female organ of the prosecuting witness Vivian Dodson. However, I instruct you that the slightest penetration is sufficient. It is not necessary that the hymen be ruptured, or that penetration be effected to any point beyond the hymen. Entrance of the male organ within the labia is sufficient to constitute sexual intercourse, and if there is such penetration, emission is unnecessary. Therefore, if you find from the evidence in this case beyond a reasonable doubt, that the defendant in this county and state at the time named in the indictment, was a male person over the age of eighteen years, and had sexual intercourse with one Vivian Dodson, who was then under the age of sixteen years, and not the wife of the defendant, you should find the defendant guilty as charged, if you find that penetration resulted to the slightest extent, as only the slightest penetration is necessary and entrance within the labia of the female organ is sufficient.''

It is alleged that the court also erred in failing to give the following requested instructions:

''The undisputed testimony of Drs. Gregory and Hockett is to the fact that the hymen of the female

organ of the prosecutrix was intact, not broken; that her sexual organ was normal for a girl of her age, and that considering the condition of the female organ at the time the prosecutrix was examined by Drs. Gregory and Hockett, on November 24, 1926, you cannot find from the testimony in this case, that the male organ of the defendant entered the female organ of the prosecutrix beyond the hymen, if it entered the female organ of the prosecutrix at all, and if you should find that the state has failed to prove to your satisfaction beyond a reasonable doubt by competent and sufficient testimony that there was penetration of the female organ of the prosecutrix by the male organ of the defendant on or about the time named in the indictment, it is your duty to acquit the defendant and your verdict should be not guilty.''

''The crime charged in this indictment is rape; it is not attempt to commit rape. These two are distinct crimes, and even though you believe from the testimony in this case, that the defendant did on or about the time named in the indictment, attempt to have carnal knowledge of the prosecutrix, that is to say, sexual intercourse with the prosecutrix on or about November 7, 1926, and you entertain a reasonable doubt as I shall hereafter define it, as to whether or not the male organ of the defendant actually penetrated into the body of the prosecutrix, then it is your duty to acquit the defendant and your verdict should be not guilty.''

''In this connection I desire to instruct you, gentlemen of the jury, that if you believe beyond a reasonable doubt, from the testimony in this case, that at the fountain in the canyon, in Wallowa County, Oregon, on or about the seventh day of November, 1926, that the prosecutrix reclined on her back on the seat of the Ford roadster, with her head on the arm of the seat, with her bloomers pulled down above her knees, but not below her knees, her right leg on the seat, her left foot on the floor of the car; that the defendant reclined upon her with his feet out-

side of the car, and that the defendant's male organ touched the body of the prosecutrix, that this is not enough, if under these conditions the state has failed to establish beyond a reasonable doubt that the male organ of the defendant actually penetrated the female organ of the prosecutrix, you must acquit the defendant; that is, even though you find from the testimony in this case, beyond a reasonable doubt, that there was an attempt upon the part of the defendant to actually penetrate with his male organ the female organ of the prosecutrix, and you entertain a reasonable doubt as to whether the male organ actually penetrated the body of the prosecutrix, it is your duty to acquit the defendant, and your verdict must be not guilty.''

"In determining the questions as to whether or not the things happened at the fountain in the canyon in Wallowa County, Oregon, on or about the time named in the indictment, as testified to by prosecutrix, you have a right to take into consideration the probability of the defendant attempting to commit the crime, if you find beyond a reasonable doubt that he did attempt to commit the crime in the manner testified to by the prosecutrix; that is to say, the public drinking fountain, the day of the week, the time of the night, the nearness to the public highway, where cars were likely to be passing, and likely to be stopping, the character of the car, the posture of the prosecutrix and of the defendant, and after you have weighed all of the testimony in the light of all of the circumstances and conditions, you entertain a reasonable doubt as to whether the male organ of the defendant actually penetrated into the body of the prosecutrix, it is your duty to acquit the defendant and your verdict should be not guilty.''

"I instruct you, gentlemen of the jury, that you cannot convict the defendant unless you find from the testimony in this case beyond a reasonable doubt

that the male organ actually penetrated the body of the prosecutrix, Vivian Dodson, and in determining this question, you must find beyond a reasonable doubt that the male organ at least penetrated into and by the labia of the female organ having mucous membrane, and unless you so find from the testimony in this case beyond a reasonable doubt, your verdict must be not guilty.''

The jury found the defendant guilty as charged, and, from a judgment upon that verdict, he appeals to this court.          AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Daniel Boyd.*

For respondent there was a brief and oral argument by *Mr. Sylvester H. Burleigh,* District Attorney.

McBRIDE, J.—1-4. We are not authorized to inquire into the comparative weight of the evidence for or against the defendant, but merely to pass upon the question as to whether there was any competent and substantial evidence upon every fact necessary to constitute the crime. As to the first objection urged, failure to prove the age of Vivian Dodson, the evidence is clear and overwhelming that she was under 16 years of age. Her father, her mother and her sister all testified to this fact, and the certificate of birth, while it would have been admissible, was not legally required. The second objection, that the state failed to prove that she was not the wife of defendant is negatived by the testimony of her mother who testified that she had never been married to anybody, and there is abundant circumstantial evidence to the same effect. The third objection, that there is no proof of any penetration of the body of Vivian Dod-

son by the defendant is not tenable as shown by her testimony in which she says positively that he had sexual intercourse with her, and she repeated it time and time again that he inserted his sexual organ into her both times. She seemed to be a fairly intelligent witness, in her second year of high school and perhaps, unfortunately for her, more mature than she should be for her age.

5. It is not necessary to go over all the disgusting particulars; but the testimony of the prosecutrix, which the jury had a perfect right to believe, was sufficient to take the case to the jury and to convince them that the sexual act had been completed as far as the law requires to constitute statutory rape.

6. The first objection to the instruction designated in the objection No. 2 is not tenable. The words "a female child in this state is deemed incapable of giving consent to the sexual act," if they stood by themselves might be misleading to the jury, but the court gave a practical definition of what is meant by a female child by saying to the jury that, if Vivian Dodson was under the age of sixteen and not the wife of the defendant, and if defendant was a male person over the age of eighteen, the other elements of the crime being present and incorporated in the instruction, the defendant might be found guilty whether Vivian Dodson consented or not, and, considered as a whole, the instruction was absolutely correct.

7. The second objection, which is designated instruction No. 3 in the objection to it, is absolutely correct and is the law at the present time in most of the states of the Union. We lay it down here, if there is the slightest penetration within the labia of the female organ, that is sufficient to constitute statutory rape, and without regard to the extent of the pentration if the other elements of the crime are present.

8, 9. The objection to defendant's first requested instruction, designated in the brief as No. 2, is not well taken. It is not the province of the court to single out the testimony of particular witnesses in the case and thereby suggest to the jury the weight that should be given to it.

10–12. The next objection designated in the brief as defendant's requested instruction No. 4, is sufficiently covered by the general instructions given by the court and therefore unnecessary. The court is not bound to give the instruction in the language requested if the substance of it is given. The refusal of the court to give defendant's instruction, designated in the brief as instruction No. 5, was proper. It consisted of calling the jury's attention pointedly to certain circumstances shown, or attempted to be shown, in the testimony, and then to say that these circumstances alone would not be sufficient to convict the defendant, but that the fact of penetration must be found beyond a reasonable doubt. The court had already instructed the jury upon this point, that penetration must be shown, and it was unnecessary to repeat this instruction. As we said before, it is usually improper for the court to single out certain items of testimony and lay particular stress upon them unless circumstances would seem imperatively to so require, which is not this case.

The court's general charge sufficiently instructed the jury that a mere attempt to commit the crime unaccompanied by penetration would be insufficient to convict the defendant, and that, if they found that he had only proceeded so far as to make an uncompleted attempt, they should acquit him.

13, 14. Defendant's requested instruction No. 6 is subject to the same criticism as the preceding in-

struction, and was properly refused. The next instruction, designated in the defendant's brief as instruction No. 8, was also properly refused. This was an attempt to define the degree of penetration and uses the words "into the labia of the female organ having mucous membrane." The rule as held in this state, and generally, is that any penetration into the labia of the pudendum is sufficient, the pudendum being the external female sexual organ. It is difficult to see how the extent of the penetration could make any difference in a case of this kind, the injury being to the morals and reputation of the child, which would be as great where there is a very slight penetration not passing beyond the labia majora as it would be where the penetration extended beyond that point into the labia minora and against the hymen. Whatever may have been the ruling of the courts a hundred years ago or so, they are not now astute to find excuses for that class of degenerates who corrupt the morals and bodies of children by requiring any particular depth of penetration so long as there is even the slightest penetration as the testimony of the state indicates to have been the case here.

On the whole, we find no reversible error in this case, but, on the contrary, the case seems to be very clearly established; and it is difficult to see how the jury could have come to any other conclusion than that arrived at. The judgment is affirmed.

AFFIRMED.