[Criminal No. 752. Filed November 4, 1931.]

[4 Pac. (2d) 390.]

JAMES F. ZAVALA, Appellant, v. STATE, Respondent.

Mr. W. F. Timmons, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. J. R. McDougall, Assistant Attorney General, and Mr. Glenn Copple, County Attorney, for the State.

LOCKWOOD, J.—James Zavala was convicted in the superior court of Yuma county of the crime of

forcible rape, and has brought the case before us for review. There are some eight assignments of error set forth in appellant's brief, but since the last two have not been argued therein, we shall not consider them. We discuss the others as seems advisable.

The first is that the court erred in giving the following instruction:

"And if the evidence in this case upon this subject is sufficient to raise a reasonable doubt as to whether said Alice Foster did use every effort within her power under the circumstances, you will give the defendant the benefit of it and return a verdict of not guilty."

It is urged that this might be construed by the jury to mean that the defendant must supply affirmative evidence on which to found the reasonable doubt, and that such doubt could not arise from a mere lack of evidence. It is, of course, the rule that instructions must be considered as a whole, and that error may not be predicated upon the construction of an isolated portion thereof. *Quong Yu* v. *Territory,* 12 Ariz. 183, 100 Pac. 462; *Faltin* v. *State,* 17 Ariz. 278, 151 Pac. 952. The language complained of was immediately preceded by the following instruction:

"I instruct you further that something more must be shown than mere want of consent on the part of said Alice Foster to the intercourse, if any, with the defendant, but it must appear from the evidence beyond reasonable doubt that the said Alice Foster made and used every effort and means within her power, under the circumstances to prevent the intercourse, if any, with the defendant."

We are of the opinion that, taking these two clauses together, the jury could not have placed on them the construction suggested by appellant, and that they stated the law correctly and as favorably to him as could be asked.

The second and third assignments of error are that the court erred in three rulings in regard to the admission of evidence. We have examined the particular portions of the transcript referred to, and, without the necessity of quoting them, are of the opinion that no error appears therein.

The sixth assignment of error is that the evidence does not support the verdict. We think it unnecessary to encumber the record with a statement of the testimony. The defendant admitted the sexual intercourse, and the only issue in dispute was whether or not the prosecuting witness consented thereto. She testified positively and specifically that she did not, but on the contrary resisted in every possible way to the utmost of her ability. A conviction may be had under the law of Arizona upon the testimony of the prosecuting witness alone, and the truth of her story is for the jury, unless such testimony is of a nature which is incredible or unreasonable. *Reidhead* v. *State*, 31 Ariz. 70, 250 Pac. 366. In the case at bar, however, there was considerable evidence tending to corroborate the testimony of the prosecuting witness, while little or none of it supported that of defendant. Under these circumstances, we are bound by the verdict of the jury.

The fourth and fifth assignments of error present the only serious question on this appeal. It is alleged by appellant that certain remarks of the assistant county attorney in his closing argument to the jury were grossly erroneous and highly prejudicial, in that they directed the specific attention of the jury to the race of defendant, and, in effect, stated that lynch law would be the proper remedy to apply. Some, at least, of the alleged remarks in question were taken down by the reporter, but it is claimed by appellant that the transcript represents only a portion of these remarks, and he has attempted to supply the remainder by affidavits. The whole ques-

tion was presented to the trial court on the motion for new trial, and counter-affidavits were filed denying the correctness of those submitted on behalf of appellant. If appellant's affidavits did truly state the language used by the assistant county attorney, there is no doubt that they were erroneous, and in all probability highly prejudicial. These affidavits were, however, controverted by others, and the trial judge evidently believed the latter ones. Since he was present at the trial, and actually heard the argument, we must presume he knew which affidavits more nearly set forth the actual facts. We therefore, in considering the effect of these remarks, take only those found in the reporter's transcript.

It is unnecessary to set them forth in full, as they would furnish no precedent for future cases. While they were somewhat vigorous in their nature, there is nothing to show that they appealed to race prejudice or urged the application of lynch law, and we think they were within the legitimate province of the state in summing up. Further, the court instructed the jury, after the close of the argument, that they should disregard any remarks of counsel asking the jury to base a verdict on anything except the evidence in the case.

It is also urged as error that the court did not confine these admonitions to the remarks of counsel for the state. Since they were given as a result of, and immediately after, the argument of counsel for the state, and on motion by appellant's counsel that the jury be instructed to disregard such remarks, we think they must have been taken by the jury as referring to the argument of the former alone, and not to that of the latter.

Finding no reversible error in the record, the judgment of the superior court of Yuma county is affirmed.

McALISTER, C. J., and ROSS, J., concur.