[Criminal No. 901. Filed June 16, 1941.]

[114 Pac. (2d) 249.]

STATE OF ARIZONA, Appellee, v. MARION POLLOCK, Appellant.

Mr. Joe Conway, Attorney General, and Mr. Albert M. Garcia, Assistant Attorney General, for Appellee.

Mr. Guy Axline, for Appellant.

LOCKWOOD, C. J.—Marion Pollock, defendant, was informed against for the crime of statutory rape upon one X, whom we shall hereafter call the prosecutrix. The case was tried to a jury, which returned

a verdict reading: "We the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find: the defendant, Marion Pollock, guilty." ·

At the close of the state's case, and again at the close of the whole case, defendant moved for an instructed verdict of not guilty, and timely motions were made for a new trial and in arrest of judgment. All these motions were denied and sentence pronounced, whereupon this appeal was taken. There are eight assignments of error, which we will consider in accordance with the legal questions raised thereby.

■ The first question is as to the sufficiency of the evidence to sustain the verdict. The prosecutrix testified directly and positively to the completed crime. Defendant denied that he had either attempted or completed the offense charged. If this were all, the question would undoubtedly be one for the jury, for in Arizona in a case of this kind a conviction may be had upon the uncorroborated testimony of the prosecutrix unless her story is physically impossible, or so incredible that no reasonable man could believe it. *Reidhead* v. *State,* 31 Ariz. 70, 250 Pac. 366; *Zavala* v. *State,* 39 Ariz. 123, 4 Pac. (2d) 390.

■■ It is the claim of defendant that the evidence brings this case within these exceptions to the general rule. He bases this contention primarily upon the testimony of the physician who examined the prose- ' cutrix some two hours after the offense was alleged to have been committed, urging that this testimony, which was uncontradicted, shows that the story of the prosecutrix was physically impossible. We think the testimony of the doctor does not sustain the claim. Its substance was that the condition of the prosecutrix at the time of the examination was such that he did not think the crime of rape could have been completed upon her two hours before. He defined rape, how-

ever, as meaning a complete penetration of, and emission in, the vagina, and his conclusion was based upon this definition. This, of course, is not the legal definition of rape. It has been repeatedly held that the slightest penetration of the vulva is sufficient to complete the offense and that emission is not necessary. Sec. 43-4901, Ariz. Code 1939; *State* v. *Wisdom,* 122 Or. 148, 257 Pac. 826; *Swearingen* v. *State,* 31 Okl. Cr. 66, 237 Pac. 135; *People* v. *Crowley,* 102 N. Y. 234, 6 N. E. 384.

The testimony of the prosecutrix sets up a state of facts which, if true, makes it entirely possible that the crime was completed and that her condition as described by the doctor was not necessarily incompatible therewith. There was also certain evidence corroborating the prosecutrix.

█ On the whole case, we are of the opinion that the question of the guilt or innocence of defendant presented a jury question and that the objection that the evidence does not sustain the verdict must be overruled.

The next contention is that the court erred in not giving the following instruction asked by defendant:

"Gentlemen of the Jury, when a crime is divided into degrees, or where lesser offenses are included in the offense charged in the Information, it is your duty to resolve any reasonable doubt that may exist in your minds upon the evidence in favor of the defendant, and in favor of the lesser degree of the crime, and the lesser offense; and upon the whole case, to resolve any reasonable doubt which may exist in your minds, in favor of the defendant and render a verdict of 'not guilty.'"

It is urged in support thereof that the information not only included the crime of rape but that of assault with intent to commit rape, and that the court should have instructed the jury upon the latter offense and

submitted to it a verdict thereon.   There was no specific request for this charge and verdict, but it is urged that the instruction above set forth was equivalent to such a request.

In the case of *Uren* v. *State,* 27 Ariz. 491, 232 Pac. 398, 399, an almost precisely similar question to that involved in the present case was raised.   Defendant was charged with assault with intent to commit rape and the court failed to instruct upon the law of simple assault and simple battery.   It was urged on appeal that this failure was an error, and this court said:

"While, under the pleadings and proof in this case, an instruction upon simple assault and simple battery as included offenses would have been proper, yet in the absence of a request by defendant to so charge, no duty devolved upon the court to do so.   In fact, the defendant may take the position, as is often the case, that he is entitled to be acquitted unless he is found by the jury to be guilty of the highest degree of the crime charged, believing the evidence insufficient to convict him of the highest degree of such crime, but sufficient to warrant a conviction upon an included offense, or that a submission of the included offenses would result in a compromise verdict of conviction upon one of such included offenses.

"The language of the statute does not make it mandatory upon a judge to charge a jury upon points pertinent to the issue except when requested so to do by either party.   But upon request of either party to instruct the jury upon such points as are pertinent, it then becomes mandatory upon the judge to declare the law relating thereto, and his failure so to do is reversible error.

"This court has heretofore passed upon this question in at least three cases, and has consistently held that mere nondirection to a jury is not reversible error where no request to charge was made. . . . "

■   The question then is whether the instruction requested was sufficient to call to the attention of the court the fact that defendant desired an instruction

and verdict upon assault with intent to commit rape given to the jury. We think it fails to do this. It is so general in its terms that it cannot be presumed that the court knew defendant desired a charge upon assault with intent to commit rape. As was said in *Sisson* v. *State,* 16 Ariz. 170, 141 Pac. 713, 716:

" . . . The duty in such a matter does not devolve entirely upon the court, but calls upon the parties concerned for active participation. . . .

"And the court is entitled to, and should have, the benefit of the learning and knowledge of the law and the facts possessed by counsel. . . . ''

Under the circumstances, it was not error to neglect to charge upon assault with intent to commit rape, nor to fail to submit to the jury a verdict covering that offense.

The third question which we consider is the alleged misconduct of the jury. An affidavit was made by one of the jurors and presented to the court on the motion for new trial. This affidavit stated, in substance, that during the discussion of the jurors, after they had retired to consider their verdict, one of them stated that defendant had previously been charged with a similar offense. This was denied by another juror, and the question was discussed at some length. It does not appear from the affidavit that this discussion had any influence upon any member of the jury. The affiant merely says that he believed in the innocence of the defendant at all times, but voted for guilty because of great pressure from the balance of the jury.

We have held that in civil cases the verdict of a jury may not be impeached by the evidence of the jurors who agreed to the verdict. *Hull* v. *Larson,* 14 Ariz. 492, 131 Pac. 668, Ann. Cas. 1915C, 1145. Defendant does not dispute this rule in civil cases, but alleges that it is different in criminal cases, for the reason that

section 5097, Revised Code 1928, reads, in part, as follows:

"Grounds for new trial. When a verdict has been rendered against the defendant the court shall, upon his motion, grant a new trial, in the following cases: . . . 10. when, from any misconduct of the jury, the court is of the opinion that the defendant has not received a fair and impartial trial. . . . It shall be competent to prove any misconduct of the jury by the voluntary affidavits of a juror, and a verdict may in like manner be sustained by such affidavits."

■■ The offense charged was alleged to have been committed in May, 1940. On April 1, 1940, a new code of criminal procedure, approved by this court, became effective. Sections 44–2004 and 44–2005, Arizona Code 1939, thereafter provided for the circumstances under which a new trial shall be granted in criminal cases. They do not contain the provision found in section 5097, *supra,* regarding the impeachment of the verdict by the affidavit of a juror. Section 1181, Deering's Penal Code of California (1931), is, in substance, like section 44–2005, *supra,* and has been for many years. The California cases are unanimous in holding that the verdict of a jury in a criminal case may not be impeached, under their statute, for misconduct on the part of any member of the jury by a juror who concurred in the verdict. *People* v. *Wong Loung,* 159 Cal. 520, 114 Pac. 829; 8 Cal. Jurisprudence, par. 458. We think that under sec. 44–2005, *supra,* the verdict of the jury in a criminal case may not be impeached by the affidavit of a juror who has, in open court, solemnly agreed to the verdict.

There are a number of other assignments of error which we have considered but think it unnecessary to discuss in the opinion. There were no material errors of law during the trial, and the jury, on con-

flicting evidence, found defendant guilty of the offense charged.

The judgment is affirmed.

McALISTER and ROSS, JJ., concur.