[Criminal No. 957.   Filed November 5, 1945.]

[162 Pac. (2d) 907.]

THE STATE OF ARIZONA, Appellee, v. JOEL GULDIN, Appellant.

Mr. John L. Sullivan, Attorney General, Mr. Harry O. Juliani, Chief Assistant, Mr. Earl Anderson, Assistant Attorney General, Mr. Frank E. Tippett, County Attorney, Mr. D. E. Rienhardt, Deputy County Attorney, for Appellee.

Mr. George F. Senner and Mr. Sam Lazovich, for Appellant.

Mr. Terrence A. Carson of Counsel for Appellant on rehearing.

MORGAN, J.—This case discloses that the law which allows the court to review its holdings on motion for rehearing is salutary. The facts are fully stated in the opinion of the majority and the dissent of Justice La-Prade, in *Guldin* v. *State, ante,* p. 223, 161 Pac. (2d) 121. We are indebted to counsel for defendant who, with much zeal, have in their petition for rehearing

called our attention to several phases which seem to have been overlooked both by the majority and dissenting opinions.

After a full reconsideration of both opinions, the motion for rehearing, and a further review of the record, I have come to the conclusion that the defendant was not afforded a fair and impartial trial. I am satisfied that the statement in the majority opinion, that a defendant in a case of this character may be convicted on the uncorroborated testimony of the prosecutrix, is correct. Her story of the act did not disclose its physical impossibility, nor was it so incredible that no reasonable person could believe it. *State* v. *Pollock,* 57 Ariz. 415, 114 Pac. (2d) 249; *Reidhead* v. *State,* 31 Ariz. 70, 250 Pac. 366; *Zavala* v. *State,* 39 Ariz. 123, 4 Pac. (2d) 390. This has to be the rule. Otherwise many offenders would go unpunished. Acts of the character involved here are performed secretly, without the presence of witnesses. The character of the act affords little opportunity, in most cases, for corroboration. Men do not advertise acts of this kind. The competency of the child to testify, as pointed out in the dissent, rests in the discretion of the trial court. *Sheek* v. *State,* 19 Ariz. 509, 172 Pac. 662; *Keefe* v. *State,* 50 Ariz. 293, 72 Pac. (2d) 425. The case was for the jury.

On reflection, I am satisfied that the majority opinion is clearly lacking in failing to point out that the testimony impeaching the mother of the defendant, who appeared as a witness for him, cannot be considered as corroborative evidence of the defendant's guilt. This testimony is set out and referred to in both the majority and dissenting opinions, and need not again be recited. It could not be considered as substantive evidence of the truth of the matter stated therein, and, therefore, could not be utilized as corroborative evidence of defendant's guilt. The testimony is limited under the law, and can be considered only for the pur-

pose of impeachment. This court has repeatedly adhered to this rule which is based upon elementary principles. What a witness may have said at another time and place, when not under oath, and not in the presence of the defendant, cannot be considered as proof of defendant's guilt. It is mere hearsay, admissible for the one purpose only, that of impeaching the witness. *Young Chung* v. *State,* 15 Ariz. 79, 136 Pac. 631; *Otero* v. *Soto,* 34 Ariz. 87, 267 Pac. 947; *Indian Fred* v. *State,* 36 Ariz. 48, 282 Pac. 930; 70 C. J. 1153, § 1339, Witnesses. The court should have charged that this evidence could have been considered by the jury only on the question of the credibility of the witness, and not to show the guilt of the accused. *People* v. *Nemeth,* 258 Mich. 682, 242 N. W. 808; *Cloud* v. *State,* 41 Okl. Cr. 395, 273 Pac. 1012; *Thomas* v. *State,* 13 Okl. Cr. 414, 164 Pac. 995; *People* v. *Westcott,* 86 Cal. App. 298, 260 Pac. 901; 23 C. J. S. 411, Criminal Law, § 1032, subsec. a (2).

Reference by the county attorney to the failure of the wife of the defendant to testify, under the circumstances as originally called to our attention, would not, in my judgment if nothing more appeared, constitute reversible error. *Zumwalt* v. *State,* 16 Ariz. 82, 141 Pac. 710. The prosecution has no right to make adverse comments on the refusal of the wife to testify. This is fully covered by the dissenting opinion. The record is vague and uncertain as to the statement which was made by the county attorney, or why it was made. It may have been in answer to some argument of counsel for the defendant. The record would also indicate that the court made some effort to exclude the reference from consideration by the jury. However this may be, I find upon a further review of the cases matters not called to our attention or assigned as error, which, when coupled with the statement referred to, show that reversible error was committed. In the

process of cross-examination of the defendant, the county attorney made this statement: "If the court please, we will avow we will show this man Lundgren was taking messages out of the jail." On cross-examination of Lundgren, who appeared as a witness for the defendant, the following appears:

"Q. You carried word from him to his wife out of jail—what message did he send by you to his wife, what did he tell you to tell his wife? A. By Gad, I don't recall him telling me anything.

"Q. Did you carry word to her from him, a letter? A. No, sir.

"Q. You didn't? A. I don't recall that.

"Q. Did he or did he not tell you to tell his wife to either attempt a bluff or to leave town? A. No, he didn't.

"Q. You didn't carry that message to her? A. I didn't carry that.

"Q. If she states that she said something that is not true? A. I didn't get that.

"Q. If she says you brought that message that is not correct? A. Probably so.

"Q. You said you didn't carry such a message to her? A. No, sir."

This cross-examination evidently left with the jury the inference that if the wife of the defendant was placed on the witness stand, she would have testified to matters wholly detrimental to the defendant. These allusions to the wife, coupled with the statement which is assigned as error, disclose that the reference to the wife constituted reversible error.

Furthermore, I think the cross-examination of the witness Lundgren without any attempt, and obviously without any hope, of being able to impeach the witness, was reversible error, under *Britt* v. *State,* 25 Ariz. 419, 218 Pac. 981; *Hash* v. *State,* 48 Ariz. 43, 59 Pac. (2d) 305. True, this cross-examination has not been assigned as error, but I feel it our duty, in the interest of justice, to raise the question. This court is not a

mere umpire to pass upon questions that may be raised. As the court of last resort, particularly in cases of this character, it seems to me to be its duty, where the liberty of an individual is involved, to review the whole record before it. It is not bound by form. The law provides:

"The appellate court may reverse, affirm or modify the judgment appealed from, and may grant a new trial or render any judgment or make any order which is consistent with the justice and the rights of the state and the defendant; . . . ." Section 44-2536, Arizona Code Annotated 1939.

It is a fundamental principle of our law that defendants are entitled, no matter what the charge may be, to a fair and impartial trial. If prejudicial error exists, whether properly assigned or not, and it comes to the attention of this court, it should be considered. In a case like this, where the conviction must of necessity depend upon the practically uncorroborated testimony of a child, great care should be exercised to see that no prejudice is allowed to creep into the trial.

I am, therefore, of the opinion that justice requires that the judgment of conviction be reversed, since substantial rights of the defendant have been adversely affected, and that the defendant be accorded a new trial.

LaPRADE, J., concurs in the result.

STANFORD, C. J. (Dissenting.)—Having carefully read the extensive petition for rehearing and now the majority opinion of my colleagues, I find no reason to change my opinion in this case as written and recorded *ante,* p. 223, 161 Pac. (2d) 121.

In addition to Sec. 44-2536, quoted by the majority opinion, we also have under "Criminal Procedure" Sec. 44-2535 reading as follows:

"*What appellate court to review.*—(1) Upon an appeal by either the state or the defendant the appellate

court shall, without any exception having been taken in the trial court, review all rulings and orders appearing in the appeal papers in so far as it is necessary to do so in order to pass upon the grounds of appeal. The court shall also review all instructions to which an objection was made and which are alleged as a ground of appeal, and the sentence when there is an appeal therefrom. The court may also in its discretion, if it deems the interests of justice so require, review any other thing said or done in the cause which appears in the appeal papers including instructions to the jury. . . . ''

The evidence of Judge Clyde Shute, who was the Justice of the Peace of Globe Precinct, and the evidence of Mr. Tippett, County Attorney, was admitted without objection. However at the close of Judge Shute's testimony the following motion to strike was made by Mr. Senner, one of the counsel for defendant:

''Mr. Senner: We ask at this time that the evidence given here by the Judge—Justice of the Peace, in regards to the witness, Mrs. Guldin, mother of the defendant, be stricken.

''The Court: On what ground, Mr. Senner?

''Mr. Senner: Because I assume that the purpose is not proper cross-examination and is offered for the purpose of impeachment.

''The Court: It goes to the credibility of the testimony of Mrs. Guldin, the mother of the defendant. The objection is denied, the motion is denied.''

And at the close of the evidence of the county attorney, Mr. Frank E. Tippett, Mr. Senner said: ''Same objection.'' The court followed by the statement: ''Same motion may be made to Mr. Tippett's testimony, and same ruling.''

All the assignments of error of the defendant were treated in the original opinion, and since I believe no error has been committed, the following taken from the case of *People* v. *Jackson,* 1944, 63 Cal. App. (2d) 586, 147 Pac. (2d) 94, 96, gives expression to my view of the case:

" 'We must assume, in the absence of something in the record upon which to base a contrary opinion, that the jury reached a verdict with full realization of their sworn duty, free from passion and prejudice. We must also assume that the learned trial judge was satisfied with the verdict or he would have granted the motion for a new trial. Cases have occurred—some are cited—where the appellate court has felt itself constrained, in the interest of justice, to override the conclusions of jury and trial court, but such cases are rare, and occur only where the uncorroborated testimony of the complaining witness is so obviously and so inherently improbable as to leave the court no recourse, without self-stultification, except to reverse the judgment. But this obvious and inherent improbability must, however, very plainly appear before the reviewing court should assume the functions of the trial jury.' "