312 P.2d 574

**STATE of Arizona, Appellee,**
**v.**
**James ROQUENI, Appellant.**

**No. 1092.**

Supreme Court of Arizona.

June 11, 1957.

Darrel G. Brown, Tucson, for appellant.

Robert Morrison, Atty. Gen., James H. Green, Jr., First Asst. Atty. Gen., Wes Polley, Cochise County Atty., Bisbee, Lloyd C. Helm, Deputy County Atty., Douglas, and John G. Pidgeon, Deputy County Atty., Bisbee, for appellee.

PHELPS, Justice.

This case comes to us on appeal from an order denying appellant Roqueni's motion for a new trial based upon alleged newly discovered evidence. Appellant will hereinafter be referred to as defendant.

The facts are that on the 23rd day of April, 1954, defendant was charged by a criminal complaint filed in the Justice

court of precinct 2, Cochise County, Arizona, with the crime of rape upon the person of a six-year old school girl alleged to have been committed on the 21st of that month. At the preliminary hearing before Justice of the Peace George W. Martin, on April 23, 1954, defendant, in the presence of his stepfather, admitted his guilt and was bound over to the Superior court for trial.

On April 26 an information charging rape was filed against defendant in the Superior court of that county, and on the same date, he was taken before the court. He there stated, upon inquiry by the court that, he did not desire an attorney and waived the statutory time to plead to the charge of rape and the time for passing sentence, and entered a plea of guilty to the charge of rape.

Thereupon, the court imposed sentence upon him of not less than twenty nor more than thirty years imprisonment in the state penitentiary at Florence, Arizona.

Thereafter, on June 29, 1954, a motion for a new trial was filed in the trial court upon the ground of alleged newly discovered evidence. The records of that court disclose no action nor any request for action upon such motion until May 14, 1956, on which date a minute entry was made denying said motion. On the following May 25th, application was made by counsel for defendant for a certificate of probable cause, and on June 4th following, the application was denied. Notice of appeal to this court was filed on May 24, 1956.

Defendant presents two assignments of error for our consideration, (1) that the court erred in denying his motion for a new trial on the ground of newly discovered evidence, which *would probably have changed the finding of the court* (Emphasis ours), and (2) that it erred in imposing a sentence upon defendant of from twenty to thirty years. It is the claim of defendant that the sentence is excessive under the circumstances. No appeal was taken from the judgment and sentence upon the ground that it was excessive, or otherwise, as required by A.R.S. § 13–1713. We are, therefore, without authority to consider the latter assignment or to reduce the sentence.

In support of his motion for a new trial, defendant submitted two affidavits of counsel, one by defendant, one by his stepfather, and one by a priest at the parochial school at which defendant attended, and where he successfully passed the ninth grade. None of these affidavits relate to the matter of newly discovered evidence, except that of counsel. Others relate to alleged irregularities in the justice and trial courts, which of course, are entirely foreign to the issues raised on this appeal.

Darrel G. Brown, counsel for defendant, stated in his first affidavit bearing date June 28, 1954:

"That Dr. R. E. Montgomery will testify that he examined —————— (name of child) shortly after the alleged rape, and found no evidence whatsoever of sexual intercourse."

That this evidence was not known to Roqueni or affiant at the time his plea was entered, and could not have been known in the exercise of reasonable care, etc. etc., and that defendant is mentally retarded having an I.Q. of 74 (The I.Q. level was not supported by any competent evidence). Counsel filed a second affidavit on July 2, 1955, in which he stated:

"That your affiant attempted to obtain an affidavit from Dr. R. E. Montgomery in regard to his examination of —————(name of child). That the said Dr. R. E. Montgomery refuses to supply your affiant with said affidavit; That the copy of the letter attached hereto purported to be from Dr. R. E. Montgomery is a copy of the report submitted by Dr. R. E. Montgomery to Judge Martin of Douglas, Arizona."

The following is a copy of said letter:

"Douglas, Arizona    April 23, 1954
"Hon. Judge Martin
"Douglas
"Dear Judge Martin:

"This is a report of the physical examination of —————(name of child), age 6 years as requested by you.

"The child is a well developed, well nourished white female. The general physical examination is normal. The external genitalia revealed no evidence of bruises. The hymen is intact. The vaginal wall appeared normal. Microscopic evidence of the vaginal flora revealed no spermatozoa. There was no physical evidence of rape or attempted rape."

It will be observed that counsel does not state in his affidavit what he had incorporated or suggested to be incorporated in Dr. Montgomery's affidavit, which the Doctor refused to sign.

We believe the statement of defendant to the county attorney and reported by court reporter L. B. Neff, clearly indicates that the offense of rape was accomplished by him upon the person of said infant. He was asked:

"Q. You put your penis in her, though, didn't you?

"A. I didn't put it in all the way.

"Q. You put it in just a little ways?

"A. I don't know how far. I just started and I didn't want to do it any more.

"Q. But—you know Percy Bowden, don't you? Chief of Police in Douglas.

"A. Yes, sir.

"Q. And he told me you put it in that much, about an inch, is that right?

"A. I couldn't say. I don't think I put it in that much, because I didn't think I put it in at all. I don't know."

He further stated he had an emission.

A.R.S. § 13–612 provides that:

"The essential guilt of rape consists in the outrage to the person and feelings of the female, and any sexual penetration however slight is sufficient to complete the crime."

And in State of Arizona v. Pollock, 57 Ariz. 415, 114 P.2d 249, 250, this Court said:

"* * * It has been repeatedly held that the slightest penetration of the vulva is sufficient to complete the offense and that emission is not necessary." [Citing cases.]

We therefore hold that the trial court did not err in refusing to grant a new trial upon the ground of newly discovered evidence.

Order denying same affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER and LA PRADE, JJ., concur.