ROBERT SHORTESS, Plaintiff, *v.* A. E. WIRT, Defendant.

*Appeal from Justice of the Peace.—Reserved from Clatsop.*
*— Unlawful Detainer.*

The title to land cannot be inquired into, in an action of forcible entry and detainer before a justice of the peace.

CALVIN TIBBETTS died in 1849, possessed of a land claim in Clatsop County. The said claim was sold at an administrator's sale, and, after passing through several hands, came to the possession of the defendant. Plaintiff now, as the guardian of the infant children of said Tibbetts, sues defendant for an unlawful detainer of said claim, on the ground that the title thereto is in said children, and the sale thereof by the administrator was void.

*J. K. Kelly*, for plaintiff.

*A. E. Wait*, for defendant.

WILLIAMS, C. J.   No pretence is made that plaintiff or his wards were ever in the possession of said claim, but the right to a recovery is based upon the fact that, when the said Tibbetts died, the title to such claim descended to, and became vested in, his said children.

Section 23 of the forcible entry and detainer act (*Laws* 1851 *and* 1852, *page* 38) provides, that "the estate, or the merits of the title, shall in nowise be inquired into in any complaint which shall be exhibited by virtue of this act." It is impossible to sustain this action without inquiring into "the merits of the title" to the claim in question, for plaintiff does not seek to recover on account of a former possession from which he has been evicted, but because the title is in his wards. Not only must defendant be allowed to controvert this title, if the action proceeds, but he must be permitted to establish, if he can, the title under which he holds possession. The whole case then becomes a question as to the validity of conflicting titles. The sole object of this action is to determine the right of immediate possession to real estate, without reference to title, and to hold otherwise would be to allow justices of the peace to adjudicate titles to land contrary to the express provisions of the organic act. It is said that the commissioner of the general land office has decided, that the heirs of persons who died before the passage of the donation act cannot hold by virtue of any settlement made by such decedents prior to that time; but no opinion is given upon this point. The first objection taken is fatal to the action.