HENRIETTA D. S. LUFT *vs.* DAVID F. LINGANE *et als.*

A verdict for the plaintiff against a newspaper publisher in an action for libel will not be set aside as excessive unless the jury is shown to have acted from partiality, prejudice, or corruption, or to have greatly mistaken the principles involved in the case.

Affidavits of jurors as to occurrences in the jury room cannot be received in order to impeach the verdict rendered.

Each member of a jury marked down a sum, and the aggregate, divided by the number of jurymen, made the amount of the verdict rendered, this being done tentatively to ascertain the view of each individual, and to furnish a basis for discussion and agreement. The court held this procedure unobjectionable.

DEFENDANTS' petition for a new trial.

*July* 11, 1891. MATTESON, C. J. This is an action for libel brought upon an article published in the Evening Telegram. The jury having returned a verdict for the plaintiff for $2,485.50, the defendants petition for a new trial upon several grounds, of which two only were urged at the hearing. *First,* that the damages were excessive. *Second,* that the jury adopted an improper method in ascertaining the amount of the verdict.

In actions of this nature the damages rest largely in the sound discretion of the jury, who may give a greater or less sum, according to their conclusions from the whole case, taking into account the nature of the libel, the motive of the publishers, the care taken to ascertain the truth of the publication, and the extent of the injury. Courts are reluctant to disturb their verdicts on the ground that the damages awarded are excessive, unless there is a suspicion of unfair dealing, or the case be such as to furnish evidence of partiality, prejudice, or corruption. In Odgers on Libel and Slander, *558, the rule is thus stated : " A new trial will only be granted where the amount of damages is so large as to satisfy the court that the jury acted perversely, and with partiality, or grossly misconceived the case on principle."

The item complained of represented the plaintiff, a single white woman of good character and respectable connections and associations, with being in the company of a negro, and with having been assaulted by the wife of the latter because she regarded her as a rival in the affections of the negro husband. So far as the plaintiff's part in the occurrence was concerned, the item was wholly false, except that she was struck by a jealous negress, who mistook her for another woman. No attempt to verify the statement was made before its publication, but it was published, so far as appears, in utter disregard of the rights of the plaintiff, and in utter indifference as to the effect it might have upon the plaintiff's reputation and feelings, and with no other justification or motive, apparently, than a desire on the part of the publishers to print a sensational item for the gratification of the morbid craving of a portion of the public for something sensational. Such an item would naturally greatly mortify the plaintiff and deeply wound her feelings, and the testimony shows that she has experienced great mental distress and suffering in consequence of its publication. The jury doubtless took these matters into consideration, and felt that the case was a proper one in which to enjoin upon newspaper publishers that it is a duty which the law imposes upon them to take all reasonable precautions to verify that which they publish, and to prevent the publication of sensational and injurious articles which are untrue. Perhaps, also, they desired at the same time to emphasize their disapproval of a sort of so-called modern journalism, of which, unfortunately, we have in these days too many illustrations. We cannot say that their verdict was unwarranted.

After the verdict had been rendered, a paper was found in the jury room upon which sums had been marked aggregating $29,826, and showing a division of this sum by 12, giving as the result $2,485.50, the amount of the verdict. Affidavits of several members of the jury have been submitted by the defendants to the effect that, the jury failing to agree upon any particular sum for a verdict, it was finally suggested that all the members of the jury put down on a piece of paper the sum which each thought proper, and that all these amounts be added together, and the total of them divided by 12 should be the verdict; that this was agreed to

by all the jurors, and the numbers were accordingly put down and added together and divided by 12, and the result so obtained was the verdict; that the amount was not canvassed after the quotient was obtained, but that the affiants agreed to it because they had agreed to abide by the result so obtained as the verdict. Affidavits of a greater number of the jury have been submitted by the plaintiff to the effect that the suggestion was made that the jurors should severally mark the amounts they thought proper to give, which they proceeded to do ; that the foreman then read the amounts so marked ; that it was then suggested that the several amounts should be added up and the same divided by 12; that this was done and the amount so found was read ; that the jury then discussed that sum and others, both larger and smaller, and finally adopted the sum obtained as stated for their verdict, and it was so rendered; that the jury did not agree to mark, add, and divide as stated, and to make the amount so found the verdict; but that the marking was done in an informal manner, as an informal ballot is taken, and was not intended to be binding upon any one. If we regard the affidavits of the larger number of the jury as correct, the method so adopted by the jury for reaching a verdict was unobjectionable, being merely a tentative proceeding for the purpose of ascertaining the views of each other, no one agreeing in advance to be bound by the result, but only agreeing to it after full discussion. *Forbes* v. *Howard*, 4 R. I. 364, 369. But it is not worth while to discuss the point, for it is well settled, and this court has held, that the affidavits of jurors as to what takes place in the jury room cannot be received for the purpose of impeaching their verdict. *Tucker* v. *Town Council of South Kingstown*, 5 R. I. 558, 560.

*New trial denied and petition dismissed.*

*Daniel R. Ballou & Frank H. Jackson*, for plaintiff.

*Nicholas Van Slyck & Cyrus M. Van Slyck*, for defendants.