**285 P.2d 614**

**STATE of Arizona, Appellee,**

v.

**Charles A. MURPHY, Appellant.**

**No. 1069.**

Supreme Court of Arizona.

July 5, 1955.

Paul F. Newell, Tucson, for appellant.

Robert Morrison, Atty. Gen., Raul H. Castro, Pima County Atty., H. E. Rogge, Jr., Chief Deputy County Atty., Tucson, for appellee.

UDALL, Justice.

Defendant, Charles A. Murphy, was charged in the Superior Court of Pima County with the crime of statutory rape, and after trial to a jury and a verdict rendered against him a judgment of conviction was entered and he was sentenced to serve not less than nine nor more than fifteen years in the state penitentiary. From the judgment and an order denying a motion for new trial, defendant appeals.

The first assignment of error is that the evidence is insufficient to support the verdict. The rape was alleged to have been accomplished upon the person of defendant's eleven-year-old daughter, hereinafter called prosecutrix. However, the criminal complaint initiating the prosecution was signed by the girl's mother. The prosecutrix testified positively that the sexual act was completed in the front seat of a parked automobile under certain circumstances therein related. She freely admitted that as a result of this act—and other similar acts previously committed by defendant—she had a dislike or hatred for her father. The defendant took the witness stand in his own behalf and flatly denied any sexual intercourse was had. He did admit, however, having the prosecutrix in the car with him at the time and place specified by her. He further admitted that he required his daughter to partially disrobe in an effort, as he stated, to force her to disclose to him any information she had relative to her mother's suspected misconduct with another married man. It was defendant's contention in the lower court—as well as here—that he was "framed" by his wife and this other man.

The following statement appearing in the rape case of Reidhead v. State, 31 Ariz. 70, 250 P. 366, is applicable here:

" * * * We do not think it is necessary to go into the details of the evi-

dence. Since under an assignment of this nature each case must be decided on its own facts, it would be of no value as a precedent, and would merely incumber the reports with a quantity of salacious matter ＊ ＊ ＊."

The law is well settled in this jurisdiction that

"＊ ＊ ＊ in a case of this kind a conviction may be had upon the uncorroborated testimony of the prosecutrix, unless her story is physically impossible, or so incredible that no reasonable man could believe it. ＊ ＊ ＊"

See, State v. Haston, 64 Ariz. 72, 166 P.2d 141, 144, and cases therein cited. See also State v. Merryman, 79 Ariz. 73, 283 P.2d 239, and State v. Laney, 78 Ariz. 19, 274 P.2d 838. It is our considered opinion, after having most carefully read the 285-page reporter's transcript of the evidence taken at the trial, that her story is not physically impossible or incredible as a matter of law and that there is sufficient evidence—which was obviously believed by the jury—to sustain the verdict. We hold there is no merit to the first assignment of error.

Defendant's only other assignment of error is in substance that the trial court erred in denying him a new trial on the ground of alleged misconduct on the part of the jurors, in that they unlawfully separated and during that separation per-

formed a certain experiment which amounted to a taking of evidence outside of court without an opportunity for defendant to refute the same. The allegations of misconduct are wholly based upon the following statement appearing in an affidavit of one of the jurors:

"I Catherine J. Bevis, being first duly sworn depose and say:

"That I was one of the twelve (12) jurors in the case of the State of Arizona vs. Charles A. Murphy in the Superior Court of the State of Arizona in and for the County of Pima being case number A–9319–III; That after the jury had retired to the jury room for deliberations and after several ballots and a unanimous verdict not having been reached because there was not a unanimous belief that it was physically possible for the alleged act to have been committed in the manner testified to by the alleged victim, it was suggested that if the four (4) male jurors would retire to the rest-room, two (2) of the female members of the jury would demontrate that the alleged act was possible as testified to by the alleged victim; That the four (4) male jurors did retire to the rest-room, out of the presence of the eight (8) female jurors, closing the door so that they could not observe the demonstration, and in their absence two (2) female jurors did attempt to demonstrate the

possibility of the act being performed as testified to by the alleged victim, all out of the presence of the four (4) male jurors."

Whether the purported facts related therein constitute such prejudicial misconduct on the part of the jury as would entitle defendant to a new trial we need not decide. Nor need we consider the decisions from other states as the law is settled in this jurisdiction that affidavits of jurors who concur in the verdict are not competent to impeach that verdict as to matters—such as are stated above—which are inherent therein. State v. Pollock, 57 Ariz. 415, 114 P.2d 249, 251. In that case defendant was tried and convicted of statutory rape. Upon motion for new trial he sought to show by affidavit of a juror that during the jury's deliberations one of their number stated that defendant had previously been charged with a similar offense. We there stated:

" * * * [Under the rules of Criminal Procedure] the verdict of the jury in a criminal case may not be impeached by the affidavit of a juror who has, in open court, solemnly agreed to the verdict."

The extent of this rule and its application to particular acts of misconduct is defined in 23 C.J.S., Criminal Law, § 1494, a. (1):

"The general rules stated above preclude showing by the jurors * * * that the jury were allowed to separate * * * that matters not in evidence were considered in the jury room * * *. Likewise, the jurors are not competent to show statements or arguments in the jury room, the use that they made of certain testimony properly before them or how they considered it * * *."

For rationale, see 53 Am.Jur., Trial, Sec. 1105. That the acts of the jurors sought to be shown in the instant case are within the onus of this rule is apparent. It follows the affidavit of juror Bevis was not available to impeach the jury's verdict, hence the trial court did not err in denying defendant's motion for a new trial.

It should be noted that no error is claimed: (a) as to the sufficiency of the information; (b) as to any rulings of the trial court in the admission or rejection of evidence; (c) the instructions given, or (d) oral argument to the jury by the county attorney. The learned trial court and counsel both for the State and defendant are to be complimented on the fine, intelligent manner in which the case was tried.

Judgment and order affirmed.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.