429 P.2d 522

**Royal G. SWINEHART and Lena Swinehart, husband and wife, Appellants,**

v.

**Rufus A. BAKER, Appellee.**

**1 CA–CIV 203.**

Court of Appeals of Arizona.

June 27, 1967.

Rehearing Denied Aug. 14, 1967.
Review Denied Oct. 24, 1967.

---

1. He admits that he is a second offender and therefore the statutory credits are deductible from the maximum term only.

Ronald McKelvey, Yuma, for appellants.

Westover, Keddie & Choules, by Douglas Keddie, Yuma, for appellee.

CHARLES L. HARDY, Superior Court Judge

After a jury returned a nine to three verdict in favor of the defendant in an automobile negligence action, plaintiffs filed a motion for new trial alleging, among other things, misconduct of the jury. The motion was supported by an affidavit of one of the jurors stating (1) that a juror had visited the scene of the accident while the trial was in progress and had told the other members of the jury that the testimony of plaintiff was impossible and incorrect; and (2) that several members of the jury had discussed the facts of the case during the trial and prior to its final submission to the jury in direct disobedience of the admonition of the court not to discuss the case among themselves until final submission. The trial court struck the affidavit of the juror and overruled the motion for new trial. This appeal is taken from the order striking the affidavit and the denial of plaintiff's motion for new trial on the basis of the misconduct of the jury.

The record on appeal does not include the reporter's transcript of the evidence. Thus, we do not know whether the members of the jury were specifically admonished by the court not to visit the scene of the accident and not to discuss the case until it was submitted to them.

It is true that it is improper for a juror to visit the scene of an accident during a trial for the specific purpose of determining whether testimony regarding the scene was correct. Webb v. Hardin, 53 Ariz. 310, 89 P.2d 30 (1939). See also Jacob v. Miner, 67 Ariz. 109, 191 P.2d 734 (1948). However, it is well established in this state that an affidavit of a juror will not be received to impeach the verdict. Hall v. Delvat, 95 Ariz. 286, 389 P.2d 692 (1964); Wilson v. Wiggins, 54 Ariz. 240, 94 P.2d 870 (1939); Brooks v. McDevitt, 40 Ariz. 221, 11 P.2d 826 (1932); Southwest Cotton Company v. Ryan, 22 Ariz. 520, 199 P. 124 (1921); Hull v. Larson, 14 Ariz. 492, 131 P. 668 (1913). The reasons for not permitting such impeachment are well stated in Wiggins, supra, and need not be repeated here.

In Webb and Jacob, supra, it was pointed out that it must appear "affirmatively probable" that prejudice resulted from a juror's visit to the scene. However, in each of those cases it appears that the fact of the visit was established by affidavits from persons other than jurors. It further appears that the affidavits of the jurors were accepted by the court not for the purpose of impeaching the verdict but for the purpose of upholding the verdict. In each case the juror averred that he did not inform any other members of the jury of his trip. Thus, the court's consideration of whether the authorized visits by jurors in WEBB and JACOB were prejudicial was not in any way inconsistent with the prin-

**:32**

-ciple that a verdict may not be impeached by a member of the jury.

Rule 39(e), Rules of Civil Procedure, 16 A.R.S., requires that jurors be admonished by the court that it is their duty not to converse with any person on any subject connected with the trial. In the absence of a reporter's transcript of the proceedings we do not know whether such admonition was given. However, assuming that the admonition had been given, the verdict of the jury could not be impeached by an affidavit of a juror that the admonition had been disregarded.

The order of the trial court denying the motion for new trial is affirmed.

STEVENS, J., and MELVYN T. SHELLEY, Superior Court Judge, concur.

NOTE: Chief Judge JAMES DUKE CAMERON and Judge FRANCIS J. DONOFRIO having requested that they be relieved from the consideration of this matter, Superior Court Judges MELVYN T. SHELLEY and CHARLES L. HARDY were called to sit in their stead and participate in the determination of this cause.