434 P.2d 524

**SKAGGS DRUG CENTERS, INC., Appellant,**

v.

**John ROCK and Geraldine Rock, husband and wife, Appellees.**

**No. 2 CA–CIV 400.**

Court of Appeals of Arizona.

Dec. 7, 1967.

Mesch, Marquez & Rothschild, by Alfred C. Marquez, Tucson, for appellant.

Joseph H. Soble, Tucson, for appellees.

MOLLOY, Judge.

This appeal presents for review the superior court's denial of appellant's motion for a new trial predicated upon an alleged failure of a juror to truthfully respond to questions propounded on voir dire examination. The appellant was the defendant in an action to recover for injuries sustained by Mrs. Rock as the consequences of its alleged negligence in giving her the wrong prescription. The case was tried to a jury which returned a verdict for the plaintiffs in the amount of $11,000.

Attached to the defendant's motion for a new trial was the affidavit of defendant's counsel which recited:

"* * * that he has information and believes and therefore alleges that one of the jurors that was selected to deliberate in the above entitled matter stated during the deliberations that someone very close to him or a close member of his family had at one time almost died as a result of a wrong prescription; that affiant does

not know the name of the juror, however, no jurors during the qualifying of the jury revealed this information; that affiant has information and believes and therefore alleges that the juror that made the above statement signed the verdict in favor of the plaintiffs." [1]

The appellant contends the trial court erred in not conducting a hearing to inquire into the facts suggested by this affidavit since a litigant, prejudiced by a juror's wrongful failure to disclose facts giving rise to an inference of bias, is entitled to a new trial.

We have recently upheld the granting of a new trial to a plaintiff where a juror failed, upon proper inquiry, to reveal matters touching upon his qualifications. Board of Trustees Elay Elementary School District v. McEwen, 6 Ariz.App. 148, 430 P.2d 727 (1967). In that case, the affidavit submitted to the trial court in support of the motion for a new trial was that of the offending juror himself, disclosing facts occurring outside the jury room which indicated the juror had not properly responded to voir dire questioning. The facts so concealed were such as would give rise to a strong bias against one of the litigants. We affirmed a trial court's determination to grant a new trial under these circumstances. It was our view that the affidavit of the juror in *McEwen* did not constitute an invasion of the sanctity of the jury room, and hence did not fall within prior decisions in this jurisdiction prohibiting reception of a juror's affidavit to impeach a verdict. See Hall v. Delvat, 95 Ariz. 286, 389 P.2d 692 (1964); Wilson v. Wiggins, 54 Ariz. 240, 94 P.2d 870 (1939); Swinehart v. Baker, 6 Ariz.App. 30, 429 P.2d 522 (1967).

We did not reject, by implication or otherwise, the long-adhered-to rule in this jurisdiction that disclosure of a juror's bias and prejudice on the basis of what he said during the deliberation of the jury will not be received to impeach the verdict.

Information gained in the jury room concerning a juror's failure to respond truthfully to voir dire questioning, if presented by a fellow juror's affidavit, is privileged and cannot be considered. State v. Murphy, 79 Ariz. 161, 285 P.2d 614 (1955); Wilson v. Wiggins, supra. Counsel's hearsay statement as to matters so occurring stands on an even weaker footing from an evidentiary standpoint and also falls within this privilege which is dictated by sound public policy. There being no other evidence of concealment or bias on the part of a juror, other than a purported statement made in a jury room, the trial court properly exercised its discretion in refusing to hold a hearing to inquire into this matter and in denying a new trial.

Judgment affirmed.

HATHAWAY, C. J., and WILLIAM C. FREY, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge WILLIAM C. FREY was called to sit in his stead and participate in the determination of this decision.

---

1. The verdict was signed by ten jurors.