439 P.2d 545

**Chester FLAXMAYER, Appellant,**

v.

**Edna Mae SNYDER, Appellee.**

**No. 1 CA–CIV 590.**

Court of Appeals of Arizona.

April 9, 1968.

Rehearing Denied May 6, 1968.

Review Denied June 4, 1968.

Hill, Savoy & Flickinger, by John E. Savoy and Kenneth G. Flickinger, Jr., Phoenix, for appellant.

Rhodes, Killian & Legg, by Vernon L. Nicholas, Mesa, for appellee.

GREER, Superior Court Judge.

Plaintiff (Appellee) sued Defendant (Appellant) in the Court below to recover $2,550.00 alleged to be due under a promissory note given by Defendant to Plaintiff. Defendant admitted executing said note, but alleged the delivery was conditional. Defendant counter-claimed for $1,000.00 paid Plaintiff by check, also alleged to have been conditionally delivered. The lower court ruled against Defendant on both issues and he appeals.

The Defendant (Appellant) submits one question for review: "Where one accepts a check and promissory note under an agreement that a specific, named contingency is to be fulfilled before the check and note are to become payable, is the delivery of the check and note conditional as contemplated by A.R.S. Sec. 44–416?" The question presented for review must be answered in the affirmative.

However, we believe the only question presented in this appeal is whether there is substantial evidence to support the judgment of the lower court. If so we must sustain it. Hull v. Larson, 14 Ariz. 492, 131 P. 668 (1913). If the facts are undisputed and the lower court's decision is manifestly erroneous we must reverse.

State v. Bogard, 88 Ariz. 244, 354 P.2d 862 (1960). However, we must interpret the evidence in the light most favorable to affirm the judgment of the lower court. Cagle v. Carr, 101 Ariz. 225, 418 P.2d 381 (1966); Oney v. Barnes, 5 Ariz.App. 460, 428 P.2d 124 (1967).

The facts viewed in the light most favorable to affirm the judgment are briefly as follows: Plaintiff lent one James R. Wilson the sum of $3,550.00. Wilson gave Plaintiff a check in the amount of the loan, which check was dishonored by the bank for insufficient funds. Wilson was at the time a salesman of Bankers Trust Life Insurance Company and Defendant, Flaxmayer, was that Company's president. Plaintiff was a widow who had deposited funds in a lending institution in Phoenix, and the fact of such deposit was learned by Defendant and Wilson who contacted Plaintiff and obtained the funds after promising to re-pay them. The Appellant, Flaxmayer, learning that Wilson's check was dishonored and that Plaintiff, Appellee, was contemplating legal action thereon, contacted Plaintiff regarding Wilson's check. As a result of a meeting between Plaintiff and Defendant, Defendant executed and gave to Plaintiff his check in the sum of $1,000.00 and note for $2,550.00, which Plaintiff sued upon in the lower Court.

Were the note and check conditionally delivered? As to this issue there is some conflict in the evidence. Defendant testified that his check and note were delivered to Plaintiff on the condition that Plaintiff return to Defendant Wilson's dishonored check. Plaintiff testified that Defendant delivered the check and note on the condition only that Plaintiff forbear from pursuing any course of action against Wilson.

We deem it unnecessary to set forth the evidence in more detail. It is apparent that there was a conflict in the evidence and the finding in favor of Plaintiff on that issue is not manifestly erroneous and we will not, therefore, disturb the finding of the lower Court.

The judgment of the lower Court is affirmed.

DONOFRIO, Acting C. J., and STEVENS, J., concur.

NOTE: Chief Judge JAMES DUKE CAMERON having requested that he be relieved from the consideration of this matter, Judge D. L. GREER of the Superior Court was called to sit in his stead and participate in this decision.