558 P.2d 720

The VALLEY NATIONAL BANK OF ARIZONA, a National Banking Association, as Executor of the Estate of Harold D. Hunter, Deceased, Appellant,

v.

David HANEY, by and through the guardian of the Estate of David Haney, a minor, Arizona Title Ins. Co., and Mrs. Floycie Haney, guardian, Appellee.

No. 1 CA–CIV 2935.

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 4, 1976.

Rehearing Denied Dec. 9, 1976.

Petition for Review Denied Jan. 11, 1977.

Renaud, Cook, Miller & Cordova, P. A. by J. Gordon Cook, Phoenix, for appellant.

Jennings, Strouss & Salmon by Gary L. Stuart, M. Byron Lewis, John D. Harris, Phoenix, for appellee.

## OPINION

WREN, Judge.

The appellant, Valley National Bank, prosecutes this appeal from a judgment rendered in favor of the appellee, David Haney, for injuries received in an automobile accident. Appellant raises two assignments of error. It contends that the verdict of $80,000 must be set aside because two juror affidavits offered on its motion for new trial disclosed that the verdict, in violation of the court's instructions, was based in part upon damages for the death of appellee's mother and stepfather; and because the trial court erred in instructing on future medical expenses when there was no proof of either the cost or duration of such expenses.

▪ Arizona has long followed the generally recognized rule that affidavits of jurors will not be admitted to impeach a verdict. *Hall v. Delvat*, 95 Ariz. 286, 389 P.2d 692 (1964); *Southern Pacific Railroad Co. v. Mitchell*, 80 Ariz. 50, 292 P.2d 827 (1956); *Wilson v. Wiggins*, 54 Ariz. 240, 94 P.2d 870 (1939); *Johnson v. Harris*, 23 Ariz.App. 103, 530 P.2d 1136 (1975); *Board of Trustees Eloy Elementary Sch. Dist. v. McEwen*, 6 Ariz.App. 148, 430 P.2d 727 (1967); *Swinehart v. Baker*, 6 Ariz.App. 30, 429 P.2d 522 (1967). The scope of the rule's van has been defined as extending to all matters that are inherent in the verdict. *State v. Pearson*, 98 Ariz. 133, 402 P.2d 557 (1965); *Board of Trustees Eloy Elementary Sch. Dist. v. McEwen*, supra. Appellant acknowledges the general rule, but argues that this case presents an exception thereto because the affidavits demonstrate that the jury committed an illegal act and exceeded its jurisdiction by considering matters not *inherent* in the verdict.

We note that affidavits of jurors have been considered to show an error or mistake in the judgment entered as not conforming to the findings of the jury, *Southern Pacific Railroad Co. v. Mitchell*, supra, improper acts or communication by third parties with a juror, *State v. Pearson*, supra, and failure by the juror submitting the affidavit to disclose upon inquiry on voir dire his bias and prejudice. *Board of Trustees Eloy Elementary Sch. Dist. v. McEwen*, supra. Such matters, it is true, did not inhere in the verdict as they occurred separate and apart from jury deliberations. Conversely, however, affidavits have not been admitted for the purpose of showing a failure to disclose bias and prejudice on voir dire, when evidenced by affidavits of jurors who discovered this in the course of deliberations, *Wilson v. Wiggins*, supra, or to show refusal of those who voted against liability to participate in fixing damages, *Hall v. Delvat*, su-

pra, or that the jury's verdict resulted from sympathy, or consideration of probable insurance coverage, or a desire to avoid a mistrial. *Johnson v. Harris*, supra.

As evidenced by the above cited cases, matters which are "inherent in the verdict" cannot mean only those matters which are necessary and proper for the jury's consideration. Rather, that which is inherent in the verdict and cannot be impeached by juror affidavit extends to *all* matters discussed by the jury in arriving at the verdict whether proper or not. Consideration of the loss of appellee's mother and step-father by the jury in contravention of the judge's instruction cannot be distinguished from the consideration of sympathy and probable insurance coverage in *Johnson v. Harris*, supra. Such improper factors may have influenced the jury's decision, and are therefore inherent in its verdict, but they cannot be used to impeach it.

We are in accord with *Board of Trustees Eloy Elementary Sch. Dist. v. McEwen*, supra, and find that any matter discussed by the jurors in the sanctity of the jury room during the course of their deliberations will be not received to impeach a verdict. To permit the attack attempted here, would subject jurors to harassment by a defeated party in an effort to secure evidence of improper deliberations sufficient to set aside a verdict. We dare not open what, in the appellee's words, would be a "Pandora's Box of slithering affidavits."

Although appellant has cited a case in support of his position, *Wilson v. Iowa State Highway Commission*, 249 Iowa 994, 90 N.W.2d 161 (1958), we note that this case does not embody the rule as it has developed in Arizona. We choose not to follow the Iowa rule.

Appellant's second contention questions the propriety of the trial court's instruction that the jury could award damages for future medical expenses, contending that no proof as to the cost or duration of future treatment was presented. Proper objection to this instruction was raised in the trial court by appellant.

It was undisputed that appellee's epilepsy was a permanent condition. However, the mere fact of permanency does not in itself constitute a sufficient basis for the award of future medical expenses. *Henderson v. Breesman*, 77 Ariz. 256, 269 P.2d 1059 (1954). To support such an award there must be some evidence of the probable nature of future treatment, the duration thereof and the cost. *Hirsh v. Manley*, 81 Ariz. 94, 300 P.2d 588 (1956); *Henderson v. Breesman*, supra.

In the instant case, there was expert testimony that appellee would require continued treatment and medication for an indefinite period; most likely for the remainder of his life. The jurors also had before them a schedule of the costs of such medication and treatment for the four year period preceding the trial. In addition, the jury was instructed on appellee's life expectancy. Unlike the case of *Hirsh v. Manley*, supra, where the evidence was held to be too indefinite to support an award of future medical costs because there was no indication of how many treatments, or for how long they might be needed, the instant case shows a necessity for continued treatment for the rest of appellee's life, the probability of the *same* medication schedule, and the previous cost of such medical expenses. From such evidence the jury could reasonably infer what the future cost of appellee's medical expenses would be, and therefore the instruction on this item of damages was proper.

The judgment is affirmed.

SCHROEDER, P. J., and EUBANK, J., concur.