NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FELICIA NYEMAH, a single woman, *Plaintiff/Appellant*,

*v.*

JEFF FORRER and TERI FORRER, husband and wife, *Defendants/Appellees*.

No. 1 CA-CV 14-0319

FILED 5-28-2015

Appeal from the Superior Court in Maricopa County
No.  CV 2012-005411
The Honorable Lisa Daniel Flores, Judge

**AFFIRMED**

COUNSEL

Warnock MacKinlay & Carman, PLLC, Scottsdale
By James Sparks
*Counsel for Plaintiff/Appellant*

Herman Goldstein Law Firm, Phoenix
By Evan S. Goldstein, Hesam Alagha
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Randall M. Howe joined.

---

**D O W N I E**, Judge:

¶1        Felicia Nyemah appeals from the entry of judgment as a matter of law against her on the issue of future medical expenses.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Nyemah and Jeff Forrer were involved in a car accident. Nyemah was initially diagnosed with a neck strain.   She later saw a chiropractor for back and neck pain.  At the chiropractor's suggestion, Nyemah sought treatment from Dr. Patrick Hogan — a pain specialist.

¶3        Nyemah sued Forrer and his wife (collectively, "Forrer") for negligence.  A jury trial ensued.  At the conclusion of Nyemah's case-in-chief, Forrer moved for judgment as a matter of law ("JMOL") on the issue of future medical expenses.  The superior court granted the motion.

¶4        The jury awarded Nyemah $10,000 in damages, but found her to be 30% at fault, reducing her recovery to $7000.  Because Forrer had made a pretrial offer of judgment for $19,100, the superior court offset the jury's damages award with Rule 68 sanctions and taxable costs to which Forrer was entitled.  The net effect was a judgment against Nyemah in the sum of $687.41.   Nyemah timely appealed.

## DISCUSSION

¶5        Nyemah argues the superior court erred by granting JMOL on the issue of future medical expenses because Dr. Hogan offered the requisite proof of such expenses.  "We review de novo whether a trial court should have granted a motion for JMOL."  *A Tumbling-T Ranches v. Flood Control Dist. of Maricopa Cnty.*, 222 Ariz. 515, 524, ¶ 14, 217 P.3d 1220, 1229 (App. 2009).  A motion for JMOL should be granted if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."  Ariz. R. Civ. P. 50(a)(1).

¶6 Dr. Hogan's videotaped deposition testimony was presented to the jury at trial. Although Dr. Hogan opined that Nyemah's injuries are permanent, the "mere fact of permanency" of an injury "does not in itself constitute a sufficient basis for the award of future medical expenses." *Valley Nat'l Bank of Ariz. v. Haney*, 27 Ariz. App. 692, 694, 558 P.2d 720, 722 (1976). "Arizona courts have consistently followed the rule that in order for a trial court to properly submit the question of future medical expenses to the jury, the need for future care must be reasonably probable and there must be some evidence of the probable nature and cost of the future treatment." *Saide v. Stanton*, 135 Ariz. 76, 77, 659 P.2d 35, 36 (1983). "Whether future medical expenses are reasonably probable or certain is determined from all the relevant circumstances which are before the court." *Id.* at 78, 659 P.2d at 37.

¶7 A plaintiff must establish both the *fact* of damages attributable to a defendant and the *amount* of damages. "[T]he amount of damages may be established with proof of a lesser degree of certainty than required to establish the fact of damages." *Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.*, 140 Ariz. 174, 184, 680 P.2d 1235, 1245 (App. 1984); *see also Farr v. Transam. Occidental Life Ins. Co. of Cal.*, 145 Ariz. 1, 6, 699 P.2d 376, 381 (App. 1984) ("Speculative or uncertain damages . . . will not support a judgment and proof of the fact of damages must be of a higher order than proof of the extent thereof.").

¶8 The deficiency of proof in this case relates to the *fact* of damages. Dr. Hogan repeatedly tied the need for future care (i.e., the *fact* of damages) to Nyemah's symptoms. However, Dr. Hogan had not seen Nyemah since April of 2013 — more than nine months before trial began — and could not testify regarding her current status. He stated he was "hoping that she did well" with the treatment he provided and testified as follows during cross-examination:

> Q. But you would actually have to have the plaintiff come into your office and talk to her before you could prescribe her or recommend any additional injection therapy?
>
> A. Correct. Yeah, especially it's been a long time, I would want to see her again in the office before we resumed.
>
> . . .
>
> Q: [Y]ou have no idea whether or not plaintiff will ever receive any additional injections?

A:      I mean, if she comes back, I would be happy to take care of her.

Q:      You have no idea if she'll ever come back?

A:      I hope she never needs to.

Q:      And you have no appointments with her?

A:      Not that I'm aware of.

. . .

Q:      It would be pure speculation for you to indicate that she will, in fact, need future treatment if you don't know what her symptoms are?

 . . .

A:      Oh, yeah, before ordering more injections, I would want to, you know, speak with her and examine her and see where her pain complaints are, if they're more radicular or more from the joints.

¶9      The law does not require absolute certainty before a claim for future medical expenses can be submitted to the jury. *See Besch v. Triplett*, 23 Ariz. App. 301, 302-03, 532 P.2d 876, 877-78 (1975).  However, "the jury cannot be allowed to speculate or guess in making allowance for future medical expenses." *Saide*, 135 Ariz. at 77, 659 P.2d at 36.

¶10      Because Dr. Hogan lacked current information, the most he could do was testify about available pain management treatment *if* Nyemah were to return to him, and *if* her symptoms warranted the procedures. *See Griffen v. Stevenson*, 1 Ariz. App. 311, 313, 402 P.2d 432, 434 (1965) (error to instruct on future surgical needs where doctor had seen plaintiff a "few months" before trial and could testify only that "*if* the patient's arm still remains in a discomforting and a disabling condition, then I would consent to *consider* him for a surgical procedure.").  We recognize that Dr. Hogan also testified about "averages" and "clinical experience" suggesting Nyemah will "need ongoing care at some point down the road."  However, this case is distinguishable from the appellate decisions relied on by Nyemah because the testifying physician lacked *any* current information about the patient's status. *See Saide*, 135 Ariz. at 78, 659 P.2d at 37 (medical expert's use of "a 'magic word' or phrase such as

'probability' is not determinative."); *City of Tucson v. Holliday*, 3 Ariz. App. 10, 19-20, 411 P.2d 183, 192-93 (1966) (error for trial court to instruct on future medical expenses where physician offered both an "optimistic" view that plaintiff would need no further treatment and a "pessimistic" view that her permanent disability would require future treatment). Under these circumstances, the superior court did not err by concluding that Nyemah had failed to provide "a legally sufficient evidentiary basis" for an award of future medical expenses. *See A Tumbling-T Ranches*, 222 Ariz. at 524, ¶ 14, 217 P.3d at 1229.

## CONCLUSION

**¶11** We affirm the judgment of the superior court. We award Forrer his taxable costs on appeal upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama